**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*
*157 Church Street, 25th Floor*
*New Haven, Connecticut 06510*

*(203)821-3700*
*Fax (203) 773-5376*
*www.justice.gov/usao/ct*

January 24, 2017

James P. Maguire
Federal Defender Office
265 Church Street, Suite 702
New Haven, CT 06510

FILED
2017 JAN 24 A 11:32
US DISTRICT COURT
HARTFORD CT

***Re: United States v. Timothy W. Burke*, 3:16CR29 (MPS)**

Dear Attorney Maguire:

This letter confirms the plea agreement between your client, Timothy W. Burke (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

The defendant agrees to plead guilty to Count Two of the Indictment, charging him with mail fraud, in violation of 18 U.S.C. § 1341, and Count Nine of the Indictment, charging him with tax evasion, in violation of 26 U.S.C. § 7201.

**Count Two: Mail Fraud**

The defendant understands that, to be guilty of mail fraud in violation of 18 U.S.C. § 1341, the following essential elements of the offense must be satisfied:

1. On or about the dates charged in the Indictment, there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the Indictment;

2. The defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

3. In the execution of that scheme, the defendant used or caused the use of a private or commercial interstate carrier as specified in the Indictment.

**Count Nine: Tax Evasion**

The defendant understands that, to be guilty of tax evasion in violation of 26 U.S.C. § 7201, the following essential elements of the offense must be satisfied:

1. There was a substantial tax due and owing by the defendant;

2. The defendant committed affirmative acts of tax evasion described in the Indictment at a specific time during the relevant time period charged in the Indictment; and

3. The defendant acted willfully, namely, that at a specific time during the relevant time period charged in the Indictment, he knew that he owed the tax and that he possessed the specific intent to defeat the payment of the tax which he knew it was his duty to pay.

**THE PENALTIES**

Count Two: Mail Fraud

This offense carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin after imprisonment. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Count Nine: Tax Evasion

The count of tax evasion carries a maximum penalty of 5 years of imprisonment, a $100,000 fine, and the costs of prosecution. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $100,000. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to

serve a further term of imprisonment of up to two (2) years with no credit for time already spent on supervised release.

***

In addition, for each count of conviction, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, or $200 total. The defendant agrees to pay the special assessment to the Clerk of the Court on the day ~~the guilty plea is accepted~~. of sentencing. JMB NH

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (*i*) and § 3612(g).

Restitution for Mail Fraud

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The potential victims include, but are not limited to, property owners and renters who dealt with defendant or entities that defendant was affiliated with ("affiliated entities"), financial institutions, or mortgage lenders that held the mortgage on properties that defendant and/or his affiliated entities purchased, purported to purchase, or acquired control of for the purposes of renting, FHA, and HUD. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Restitution for Tax Evasion

1. Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $1,029,584.58, pursuant to 18 U.S.C. § 3663.

2. Defendant agrees that the total amount of restitution reflected in this agreement results from defendant's stipulated conduct.

3. The total amount of restitution is reflected in the attached Exhibit A.

4. Defendant agrees to pay restitution by making an immediate payment in full as ordered by the court in any restitution order entered pursuant to this plea agreement.

5. If the Court orders the defendant to pay restitution to the IRS for the evasion of payment of taxes, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to

challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

6. Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as restitution. Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

7. Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

8. The parties understand that defendant will receive proper credit, consistent with Exhibit A, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period(s) covered by this agreement or any other time period.

9. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

10. Defendant understands that he is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to his particular liability.

11. The contact information for the Special Agent assigned to this case is as follows:

Nicholas Scorza
Internal Revenue Service, CID
915 Lafayette Blvd., Room 215
Bridgeport, CT 06604
(203) 384-6886

PROVISIONS REGARDING PAYMENT

1. Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

United States District Court for the District of Connecticut
Clerk's Office
141 Church Street
New Haven, CT 06510
Phone: (203) 773-2140
Fax: (203) 773-2334

2. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

   A. Defendant's name and Social Security number;
   B. The District Court docket number assigned to this case;
   C. Tax year(s) or period(s) for which restitution has been ordered; and
   D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate office of the Internal Revenue Service.

3. Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

   IRS - RACS
   Attn: Mail Stop 6261, Restitution
   333 W. Pershing Ave.
   Kansas City, MO 64108

<u>Forfeiture</u>

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

Additional Supervised Release Conditions

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

**COLLECTION OF FINANCIAL OBLIGATIONS**

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, including but not limited to:

1. The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant understands and agrees that his financial statement and disclosures will be complete, accurate, and truthful.

2. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

**THE SENTENCING GUIDELINES**

1. Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

3. <u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

4. <u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the counts of conviction are grouped under U.S.S.G. § 3D1.2(d) and § 3D1.3(b). The parties further agree that the Guidelines calculated under § 2B1.1 will result in the higher offense level than under § 2T1.1. *See* U.S.S.G. § 3D1.3(b).

Under § 2B1.1, the defendant's base offense level under U.S.S.G. § 2B1.1(a)(1) is 7. That level is increased by 14 levels under U.S.S.G. § 2B1.1(b)(1)(H) because the parties agree that the

loss reasonably foreseeable to the defendant as of the date this plea agreement was offered to the defendant and that the government could prove by a preponderance of the evidence is $1,029,584.58. Two levels are added under U.S.S.G. § 2B1.1(b)(2)(A) because there are ten or more victims. Two levels are added under U.S.S.G. § 3B1.1(c) because the defendant was an organizer, leader, manager, or supervisor in criminal activity.

The parties disagree as to the applicability of two potential enhancements. *First*, the parties disagree whether two levels should be added under U.S.S.G. § 2B1.1(b)(10)(C) because the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. *Second*, the parties disagree whether two additional levels are added under U.S.S.G. § 3A1.1(b)(1) because the defendant knew that victims of his offense were vulnerable. The government intends to argue at sentencing that each of these two enhancements applies; the defendant reserves his right to oppose such a request.

Finally, three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility if the conditions noted above are met.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category III, based on the parties' agreement that the defendant committed the charged tax evasion conduct while he was on federal supervised release. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Thus, in the government's view, assuming a criminal history category III, the defendant has a total offense level 26, which would result in a range of 78 to 97 months of imprisonment (sentencing table) and a fine range of $25,000 to $2,059,169.12, U.S.S.G. § 5E1.2(c)(3) and (4). The defendant would also be subject to a supervised release term of 1 year to 3 years. U.S.S.G. § 5D1.2.

In the defendant's view, assuming a criminal history category III, the defendant has a total offense level 22, which would result in a range of 51 to 63 months of imprisonment (sentencing table) and a fine range of $15,000 to $2,059,169.12, U.S.S.G. § 5E1.2(c)(3) and (4). The defendant would also be subject to a supervised release term of 1 year to 3 years. U.S.S.G. § 5D1.2.

**The government and the defendant reserve their rights to seek a downward or upward departure or a non-Guidelines sentence below or above the Guideline ranges set forth above (i.e., 51-63 months and 78-97 months in prison), and both sides reserve their right to object to a request for a departure or a non-Guidelines sentence, provided, however, that the defendant agrees that he will not seek a sentence below 60 months of imprisonment.**

The defendant understands that the Court is not bound by this agreement on the Guideline range specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside the range set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

5. Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 120 months of imprisonment, a 3-year term of supervised release, $200 in special assessments, a $250,000 fine, and $2 million in restitution, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

6. Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

1. Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right

to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

2. Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are

solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

**COLLATERAL CONSEQUENCES**

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the charges in the Indictment in this case. After sentencing, the Government will move to dismiss counts One, Three, Four, Five, Six, Seven, Eight, Ten, Eleven, and Twelve of the Indictment as to the defendant because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

TIMOTHY W. BURKE
The Defendant

1-24-17
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

JAMES P. MAGUIRE, ESQ.
Attorney for the Defendant

1/24/17
Date

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to Counts Two and Nine of the Indictment:

Count Two: Mail Fraud

Defendant was convicted in the District of New Jersey in 2003 of conspiracy to commit mail fraud and equity skimming under the name Timothy W. Burke. In 2003, he was sentenced to 60 months in federal prison followed by three years of supervised release. Based on his motion for early termination of his supervised release, the New Jersey federal court terminated his supervised release approximately one year early in August 2009.

Starting from 2010 and continuing through November 2015, defendant engaged in a mail fraud scheme in Connecticut to obtain rents from tenants on properties that defendant falsely claimed to own. To commit the mail fraud scheme and to put himself in a position to rent properties belonging to other persons or entities, defendant used a number of aliases to prevent the property owners and tenants he dealt with from discovering that he had been previously convicted of conspiracy to commit mail fraud and equity skimming and had been sentenced to serve a 60 month federal sentence. To solicit property owners to deal with defendant, defendant primarily used the United States mail system to find prospective property owners who were in default on their mortgages and were facing a foreclosure action that would cause the property owner to lose their properties. Moreover, to commit his scheme and to obtain rent proceeds that he was not entitled to accept and retain, defendant falsely and fraudulently led property owners who were in default on their mortgages to believe that he would purchase their properties quickly via a short sale or quit claim deed and indemnify the property owners for their outstanding mortgage obligations.

Once defendant located a distressed property owner who was willing to sell their property to defendant via a short sale or quit claim deed, defendant defrauded these property owners. Defendant defrauded the property owners by leading them to believe that by signing documents prepared by the defendant: (a) the property owners had sold, or would be transferring, their property to the defendant and his affiliated entities; (b) defendant would contact the financial institutions that held the mortgages on the properties in an effort to renegotiate the mortgages and/or to ensure that the property owners were not responsible for the outstanding mortgages; and (c) that by giving the defendant the keys to their property, the property owners could leave their properties and be free and clear of their mortgage obligations and the other expenses associated with their property. When property owners asked the defendant if the defendant had contacted the financial institutions to renegotiate the outstanding mortgages, defendant falsely advised some property owners that he was negotiating with the mortgage lenders when defendant knew that this information was false. In some cases, defendant caused an attorney to speak to the property owners or witness the property owners sign a quit claim deed. Defendant caused these meetings to occur in an effort to convince the property owners that by signing the documents provided to them by defendant, the property owners had sold or transferred their properties to defendant and would

be free and clear of their mortgage obligations when defendant knew that the information provided by the attorney was false and fraudulent.

After defendant obtained control of these properties, defendant rented the properties to tenants who were led to believe that defendant, and his affiliated entities, owned the properties and were authorized to rent the properties and accept rent payments. Although defendant obtained rental payments on these properties, in some cases the defendant deliberately chose not to pay any of the outstanding mortgage obligations or property taxes due on these properties. In these cases, the defendant also failed to contact any of the financial institutions that held the mortgages on these properties to notify the institutions that the properties had been transferred to defendant or rented by the defendant. Rather, defendant used the rent payments he received for his own personal use. Some of the mortgages on the properties defendant purported to own were insured by the FHA (including but not limited to 4 Sylvester Street, Meriden, 9 Thompson Road Unit 2B, Manchester, 11 Omo Street, Middletown, 630 Stafford Avenue, Bristol, and 1793 Litchfield Turnpike, Woodbridge).

In furtherance of the scheme to defraud, on or about January 30, 2014, the defendant caused a letter addressed to a homeowner victim, L., in Keller, Texas, that contained a solicitation letter from Saunders Associates dated January 4, 2014, to be delivered in the U.S. mail.

Count Nine: Tax Evasion

Defendant acknowledges that he has substantial unpaid personal tax liabilities (unpaid taxes, interest and penalties) for tax years 1994 through 2012 as set forth in the chart attached to this plea agreement. In an effort not to pay his unpaid tax liabilities of approximately $403,726 (not including interest and penalties), defendant committed affirmative acts of evasion including, but not limited to, utilizing LLCs to acquire and possess assets, including real property, in order to hinder potential creditors, including the IRS and tenants, from discovering and seizing those assets. By engaging in these acts of evasion, defendant specifically intended to defeat and not to pay the tax liabilities that he knew were outstanding and that he knew he had a duty and obligation to pay.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

TIMOTHY W. BURKE
The Defendant

DAVID T. HUANG
ASSISTANT UNITED STATES ATTORNEY

JAMES P. MAGUIRE, ESQ.
Attorney for the Defendant

**RIDER CONCERNING RESTITUTION**

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -
   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been

imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.

RIDER: ADDITIONAL PROPOSED CONDITIONS OF SUPERVISED RELEASE

1. The defendant will not open any lines of credit without the permission of the U.S. Probation Office.

2. The defendant is required to provide the U.S. Probation Office with access to requested financial information, including the financial information of any partnership, corporation, or LLC in which he has an interest.

3. The defendant is prohibited from creating any partnership, corporation, or LLC, or transferring assets or title to any partnership, corporation, or LLC, without the prior approval of the U.S. Probation Office.

4. The defendant is prohibited from engaging in any real estate transactions or activity, including the purchase, sale, transfer, management, leasing, or rental of real estate, without the prior approval of the U.S. Probation Office after notice and consultation with the U.S. Attorney's Office.

5. The defendant shall make restitution on a monthly basis in amounts of no less than 15% of the defendant's net monthly earnings, such net monthly earnings to be verified, among others determined by U.S. Probation, by condition (2) above.

*United States v. Timothy Burke* , 3:16CR29 (MPS)

Exhibit A

| YEAR | TAX OWED AND NOT PAID (Tax due less payments and credits) | DELINQUENCY PENALTY (TC 166) | FAILURE TO PAY PENALTY (TC 276) | ESTIMATED TAX PENALTY (TC 170 & 176) | FEES (TC 360) | INTEREST CALCULATION CALCULATED UNTIL 11/19/2015) | TOTAL DUE (Columns 2+3+4+5+6+7) |
|---|---|---|---|---|---|---|---|
| 2014 | NOT FILED | | | | | | |
| 2013 | NOT FILED | | | | | | |
| 2012 | $ 70,497.00 | $ 15,861.82 | $ 8,459.64 | $ 670.00 | $ - | $ 7,166.92 | $ 102,655.38 |
| 2011 | $ 33,631.00 | $ 7,566.97 | $ 6,221.73 | $ 539.15 | $ - | $ 4,798.10 | $ 52,756.95 |
| 2010 | $ 42,263.00 | $ 9,509.17 | $ 10,354.43 | $ - | $ - | $ 8,106.75 | $ 70,233.35 |
| 2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2008 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2007 | $ 1,436.00 | $ - | $ 401.89 | | $ 86.00 | $ 594.43 | $ 2,518.32 |
| 2006 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2005 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2004 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2003 | $ 2,256.00 | $ 507.60 | $ 564.00 | $ 58.00 | $ - | $ 2,188.17 | $ 5,573.77 |
| 2002 | $ 10,400.00 | $ 2,340.00 | $ 2,600.00 | $ 348.00 | $ - | $ 11,055.97 | $ 26,743.97 |
| 2001 | $ 51,844.00 | $ 11,664.90 | $ 12,961.00 | $ 2,151.00 | | $ 61,848.90 | $ 140,469.80 |
| 2000 | $ 65,991.00 | $ 14,847.97 | $ 16,497.75 | $ 1,390.33 | $ 86.00 | $ 90,073.51 | $ 188,886.56 |
| 1999 | $ 23,265.00 | $ 5,234.62 | $ 5,816.24 | $ 1,117.36 | $ - | $ 40,183.85 | $ 75,617.07 * |
| 1998 | $ 78,964.00 | $ 17,766.90 | $ 19,741.00 | $ 624.25 | $ - | $ 152,607.77 | $ 269,703.92 * |
| 1997 | $ 12,348.00 | $ 2,785.05 | $ 3,094.50 | $ - | $ - | $ 26,792.71 | $ 45,020.26 * |
| 1996 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1995 | $ 4,283.00 | $ 963.67 | $ 1,070.75 | $ 234.00 | $ - | $ 11,641.55 | $ 18,192.97 |
| 1994 | $ 6,548.83 | $ 1,542.15 | $ 1,713.50 | $ 259.00 | $ 86.00 | $ 21,062.78 | $ 31,212.26 |
| Total: | $ 403,726.83 | $ 90,590.82 | $ 89,496.43 | $ 7,391.09 | $ 258.00 | $ 438,121.41 | $ 1,029,584.58 |

Prepared on November 16, 2015