**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CASE NO.: 3:16CR29 (MPS)** |
| | **:** | |
| | **:** | |
| **V.** | **:** | |
| | **:** | |
| **BRADFORD BARNEYS,** | **:** | |
| | **:** | **February 15, 2017** |

**MOTION IN LIMINE**

The defendant, BRADFORD BARNEYS, by and through undersigned counsel and pursuant to the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution, as well as Rules 402 and 404(b) of the Federal Rules of Evidence, respectfully moves this honorable court to preclude the Government from eliciting as evidence any testimony or other documentation, on direct or cross-examination, about (a) any crimes with which the Defendant has been charged elsewhere; (b) crimes for which the defendant has been convicted; as well as (c) evidence of any "bad acts": or uncharged crimes attributed to the Defendant. This motion is made on one or more of the following grounds:

1. The probative value of such evidence is outweighed by its potential for unfair prejudice. Fed. R. Evid. 403, 404(b); Devore v. United States, 368 F.2d 396 (4th

Cir. 1996); United States v. Denton, 381 F.2d 114, 117 (2d Cir. 1967); United States v. Williams, 577 F.2d 188 (2d Cir. 1978);

2. Such evidence is irrelevant, i.e, it does not tend to make a consequential fact more or less probable. United States v. O'Connor, 510 F.2d 38, 40 (2d Cir. 1978); United States v. Papadakis, 510 F.2d 287, 294 (2d Cir.) cert. denied, 421 U.S. 950 (1975);

3. The U.S. Attorney does not have need for such evidence in order to prove the instant crime. United States v. Baldaramma, 566 F.2d 560, 568 (5th Cir. 1978); United States v. Kirk, 528 F.2d 1057, 1060 (5th Cir. 1976);

4. The U.S. Attorney has insufficient proof that this Defendant committed or was connected with such other crime or bad act which may be the basis of the proffered evidence, and therefore such evidence must be excluded. Dillon v. United States, 391 F.2d 433 (10th Cir.) cert denied, 393 U.S. 889 (1968); United States v. Clemmons, 503 F.2d 486 (8th Cir. 1974); Gast v. United States, 294 F.2d 66 (8th Cir. 1976).

WHEREFORE, the defendant BRADFORD BARNEYS respectfully moves the Court to hold a hearing on this Motion and exclude such proffered evidence of other crimes or misconduct in the trial of the case.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
**BRADFORD BARNEYS**

BY_/s/ Sefton Brown________
Sefton N Brown Jr, Esq.
135 Elm Street
Bridgeport, CT 06604
Tel.: 203-870-4106
Fax: 203-275-8814
Federal Bar No.: ct28380

**CERTIFICATION**

THIS IS TO CERTIFY that on February 15, 2017 a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Sefton Brown_______
Sefton N Brown Jr