UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:16CR29 (MPS) |
| | : | |
| v. | : | |
| | : | February 26, 2020 |
| TIMOTHY W. BURKE, also known as | : | |
|    "William Burke," "Bill Burke," | : | |
|    "Kerry Saunders," "Pat Riley," | : | |
|    "Jim Caldwell," "Jim Saunders," | : | |
|    "Tom Morrisey," "Jimmy," | : | |
|    "Phil Burke," "Phil," "Burt," and | : | |
|    "M. Soler." | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR RETURN OF PROPERTY

The United States of America hereby responds to the Court's order to show cause (Docket No. 237) why the defendant's *pro se* motion for return of property (Docket No. 236) should not be granted. As explained below, the government does not oppose the return of Mr. Burke's property still in its custody.

By way of background, the defendant had previously filed a motion dated January 24, 2018, for return of property. *See* Docket No. 224. The government opposed, *see* Docket No. 225, and explained that the evidence that Mr. Burke sought return included documents and records pertaining to his fraudulent business that were the subject of the criminal case. Because the time to file any habeas petitions under 28 U.S.C. § 2255 had not yet then expired, the government opposed the return of such property at the time.[1] During the pendency of the

---

[1] As the government noted in its opposition, it was willing to return personal items of no evidentiary value. *See* Docket No. 225 at n.1. By letter of May 14, 2019, the government mailed to former trial counsel some photographs that were seized by the government. Those photographs are thus no longer in the government's possession.

defendant's motion, he did indeed file a timely habeas petition. *See Burke v. United States*, 3:18CV718 (MPS). By order of May 8, 2018, this Court denied the defendant's earlier-filed motion as moot. *See* Docket No. 226. The Court noted that the defendant had filed a habeas petition and moreover, concluded that the materials for which he sought return may be relevant to further proceedings in the case. *Id.*

To prevail on a Rule 41(g) motion, the movant "must demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Green v. United States*, No. 3:16-CV-79 (RNC), 2017 WL 374460, at *1 (D. Conn. Jan. 25, 2017) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005)). Here, the defendant's collateral proceedings have ended. By order of July 11, 2019, this Court denied the defendant's § 2255 petition. *See Burke v. United States*, 3:18CV718 (MPS) at Docket No. 15. The defendant did not seek to appeal that order and the time to do so has long expired.[2] Accordingly, the government has no objection to the return of the property that remains in its custody.

The Court should be aware, however, that before the filing of the instant motion, the government followed its usual evidence protocols and much of the property sought to be returned was destroyed. Thus, the only property belonging to Mr. Burke that is still in the government's custody are the following: six boxes of documents from the premises searches (five from his

---

[2] As the Court will recall, it also sentenced Mr. Burke's co-defendant and co-conspirator, Bradford Barneys. Mr. Barneys filed a direct appeal with the Second Circuit, which affirmed this Court's judgment on February 25, 2019. *See United States v. Barneys*, Case No. 17-2339. Although it appears that the time for Mr. Barneys to collaterally attack his sentence has not yet expired, the government notes that Mr. Barneys was released from the custody of Bureau of Prisons on December 4, 2019. In any case, the government continues to retain evidence pertaining to Mr. Barneys that was not seized from Mr. Burke.

office and one from his home) and one box of 11 books.[3]  Because the defendant remains incarcerated and is not currently represented by counsel, the government will await further order of the Court as to how to turn these remaining materials over to a designated custodian.

        Respectfully submitted,

        JOHN H. DURHAM
        UNITED STATES ATTORNEY


        _____/s/_____
        DAVID T. HUANG
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct30434
        U.S. Attorney's Office
        157 Church Street, 25th Floor
        New Haven, CT 06510
        Tel.:  (203) 821-3700

---

[3] *Real Estate Tax Digest*, *Introduction to Real Estate Law (2d Ed.)*, *Real Estate Tax Shelter Desk Book (2d Ed.)*, *The Entrepreneur's Manual*, *Procedures for the Office Professional (2d Ed.)*, *Nothing Down: How to Buy Real Estate with Little or No Money Down*, *How to Make Money in Real Estate with Government Loan and Programs*, *How You Can Sue Without Hiring a Lawyer!*, *Government Loans: The Road to Real Estate Wealth*, *How to Survive a Tax Audit*, and *Entrepreneurship: A Planning Approach*.

# CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2020, a copy of the foregoing GOVERNMENT'S RESPONSE TO MOTION FOR RETURN OF PROPERTY was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   A copy was also mailed via first-class mail to:

    Timothy W. Burke, #24740-050
    USP Lewisburg
    Inmate Mail/Parcels
    P.O. Box 2000
    Lewisburg, PA 17837

                                         _____/s/_____
                                         DAVID T. HUANG
                                         ASSISTANT U.S. ATTORNEY